**Earl Winston JAMESON, Plaintiff-Appellant,**

v.

**Wilson L. DU COMB, Defendant-Appellee.**

**No. 12834.**

United States Court of Appeals Seventh Circuit.

March 1, 1960.

Joseph Cohn, Cohn & Cohn, East St. Louis, Ill., for plaintiff-appellant.

Hugh V. Murray, Jr., Centralia, Ill., Norman J. Gundlach, East St. Louis, Ill., for appellee.

Before SCHNACKENBERG and KNOCH, Circuit Judges, and GRUBB, District Judge.

SCHNACKENBERG, Circuit Judge.

The complaint of Earl Winston Jameson, plaintiff, filed November 12, 1958 in the district court, sought damages from defendant, William L. DuComb, for libelous statements alleged to have been made by defendant in regard to plaintiff, a guide and big game hunter in the Province of Alberta, Canada. An answer having been filed to the complaint on January 2, 1959, a pretrial hearing

was held on April 27, 1959, at which time the cause was set for trial on September 8, 1959 and an entry on the docket read "No further notice of trial setting will be given".

On September 8, 1959 plaintiff filed a motion for continuance of the trial, in which he averred that he had served a notice upon defendant's attorney for the taking of the depositions of three witnesses in Alberta Province on August 19, 1959, and that defendant had filed a motion to quash the notice to take said depositions but that said motion could not be ruled upon by the court prior to the trial date set, so that the depositions could not be taken; that the plaintiff himself was unable to be present at the trial because "he is * * * engaged in guiding certain big game hunting parties * * * in the Province of Alberta * * *."

The court entered an order dismissing the cause for want of prosecution with prejudice and at the cost of plaintiff. From that order plaintiff has appealed.

It is agreed by counsel in this case that the order from which the appeal has been taken must be affirmed unless we find that the district court abused its discretion in failing to grant a continuance as requested by plaintiff.

■ The date for the trial was fixed many months in advance at a pretrial conference and it was not unreasonable to require plaintiff, who started this litigation, to so arrange his affairs that he would be present upon September 8, 1959, at the time which the court had set aside for the trial of his case. No facts whatever are called to our attention to sustain a charge of abuse of discretion and we find in this record no basis for so holding. The dismissal of the action was not error.

■ Neither do we find that there was error in dismissing it with prejudice. In fact, under federal civil rule 41(b), 28 U.S.C.A. rule 41(b), such an involuntary dismissal operates as an adjudication upon the merits unless the court in its dismissal order otherwise specifies. Cf. Madden v. Perry, 7 Cir., 264 F.2d 169, 174.

For these reasons, the judgment of the district court is affirmed.

Affirmed.