Walter A. NEWPORT, Jr., et al., Appellants,

v.

Elizabeth J. REVYUK et al., Appellees.

Elizabeth J. REVYUK et al., Cross Appellants,

v.

Walter A. NEWPORT, Jr., et al., Appellees.

Nos. 16574, 16575.

United States Court of Appeals Eighth Circuit.

Oct. 17, 1960.

Newport & Wine, Davenport, Iowa, for appellants and cross-appellees.

Herbert S. Selby, Newton, Iowa, for appellees and cross-appellants.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

A suit in diversity jurisdiction was instituted by A. Richard Greene against Elizabeth J. Revyuk and Leslie Snook, to recover attorney's fees alleged to be due him for his representation of them in some Iowa litigation. Walter A. Newport, Jr. and Donald A. Wine acted as attorneys for Greene in the filing of the action.

Later, they made withdrawal of their appearance as attorneys for Greene; gave notice of a claim of lien for their services on whatever amount was due from Revyuk and Snook to Greene; made filing of a complaint against Greene as a purported "auxiliary pleading" in that action, demanding a judgment against Greene; had a default judgment entered against Greene by the Clerk of the Court, when Greene took no cognizance of and filed no response to their complaint; and caused an execution to be issued and a levy made on Greene's alleged chose in action against Revyuk and Snook.

Subsequently, Revyuk and Snook filed a motion to dismiss Greene's suit and complaint against them, for want of prosecution and for failure of Greene to comply with some orders of the court therein made against him. The motion also included a request for a dismissal from the proceeding of the complaint which Newport and Wine had filed therein, on the grounds in substance that it was not ancillary to the suit; that it was also otherwise without any legal effect in respect to the suit, in that no process had ever been issued against or served on Greene under it; and that the purported default judgment entered thereon and the execution and levy made thereunder were in these circumstances a nullity.

The court held that Newport and Wine's complaint, seeking a personal judgment against Greene, had no place in the Revyuk and Snook suit as an "auxiliary pleading"; that it constituted an independent and not an ancillary action, of which the court could only obtain jurisdiction through the issuance and service of process upon Greene; that the default judgment which had been entered against Greene thus was a nullity in the proceeding, together with the execution and levy which had been made under it upon Greene's alleged chose in action against Revyuk and Snook; that Revyuk and Snook were entitled to have Greene's action against them dismissed on the grounds set out in their motion; that as an incident in the effecting of this termination they were entitled to have Newport and Wine's complaint against Greene dismissed therefrom; that Newport and Wine's complaint should accordingly be dismissed, but in

order to give them an opportunity to have determined on appeal whether they had any rights under the default judgment and the execution and levy made thereunder, by which they could claim to have become the owner of Greene's cause of action against Revyuk and Snook, the court would withhold action upon the latter's motion to dismiss Greene's suit against them, until adjudication of their claim to Greene's cause of action had become final; and that, if the court's order of dismissal of Newport and Wine's complaint was affirmed, an order to show cause why Greene's suit should not be dismissed would be entered and directed to be served upon him.

Newport and Wine have appealed from the court's order of dismissal of their complaint, and this is case No. 16,574 before us. Revyuk and Snook have taken a cross-appeal, which is case No. 16,575 before us, from the withholding of ruling upon their motion to dismiss Greene's action.

Manifestly, the withholding of ruling upon the motion to dismiss Greene's action is not a final or appealable order, within the grant of appellate jurisdiction made to courts of appeals under 28 U.S.C.A. § 1291 "from all final decisions of the district courts * * *". No. 16,575 is therefore required to be dismissed for want of jurisdiction.

As to No. 16,574, it has now been made to appear that, since the taking of their appeal herein, Newport and Wine have brought suit and recovered a judgment against Greene in the United States District Court for the Southern District of New York on the same cause of action here involved, which judgment they have had registered in the Southern District of Iowa under the provisions of 28 U.S.C.A. § 1963, and on which they have had execution issued and levy made as to the chose of action involved in the suit of Greene v. Revyuk and Snook.

Having thus recognized their default judgment as being of no legal effect, in dealing with their cause of action as not having become merged therein, the con-

tentions made by Newport and Wine on their appeal as to the validity of that default judgment are now moot and hence not entitled to adjudication, and the appeal will accordingly be dismissed. Whatever significance the registration of their judgment against Greene and the execution issued and levy made thereunder on the chose in action involved in Greene v. Revyuk and Snook may have in that suit are matters for the consideration and determination of the trial court.

Case No. 16,574 dismissed for mootness; case No. 16,575 dismissed for lack of jurisdiction from want of reviewable order.