**Walter A. NEWPORT, Jr., and Donald A. Wine, Appellants,**

**v.**

**Elizabeth J. REVYUK and Leslie Snook, Appellees.**

No. 16876.

United States Court of Appeals Eighth Circuit.

May 15, 1962.

Rehearing Denied June 11, 1962.

Walter A. Newport, Jr., of Newport & Wine, Davenport, Iowa, Donald A. Wine, Davenport, Iowa, on the brief, for appellant.

Herbert S. Selby, Newton, Iowa, Cross, Hamill, Selby & Updegraff, Newton, Iowa, on the brief, for appellees.

Before SANBORN, VOGEL and MATTHES, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order of the District Court, filed May 26, 1961, dismissing, with prejudice, a diversity action commenced June 23, 1957, by A. Richard Greene, a New York Lawyer, based upon his claim (subsequently acquired by the appellants) that Elizabeth J. Revyuk was indebted to him for attorney's fees and expenses.

The appellants are attorneys at law of Davenport, Iowa. Early in May of 1957 they were employed by A. Richard Greene in connection with his claim against Elizabeth J. Revyuk. Greene had been counsel for her in the case of Elizabeth J. Revyuk v. Ora B. Maytag et al., a diversity action brought in 1955

in the United States District Court for the Southern District of Iowa. On April 16, 1957, he filed in that action a notice of attorney's lien in the sum of $60,000 for attorney's fees, expenses and costs stated to be due him from Mrs. Revyuk. To secure release of the lien, Mrs. Revyuk on May 25, 1957, filed a bond for $75,000 under Section 610.19, Code of Iowa 1954, I.C.A. Leslie Snook was the surety. Greene was directed by the court to bring suit on the bond. There was diversity of citizenship. Greene filed his complaint June 23, 1957, asking for judgment for $60,000 against Mrs. Revyuk and Leslie Snook on the ground that she owed Greene that amount for attorney's fees and expenses. This, she in her answer—filed October 15, 1957,—denied. More than a year later, on November 3, 1958, she filed an amendment to her answer, asserting an "offset" in excess of $50,000 against Greene's claim, and several counterclaims. She asked for judgment against him for more than $100,000, for production of documents and property in his possession belonging to her, for an accounting, and for other relief. Greene failed to cooperate with the appellants in their efforts to establish his claim for fees against Mrs. Revyuk. He left Iowa during the taking of his deposition in October 1957, and apparently has never returned. On December 11, 1957, the appellants withdrew as attorneys for Greene. On the following day they filed notice of attorneys' lien against him, claiming that he owed them $9,832.11 for fees and disbursements. On January 29, 1958, they commenced a diversity action in the United States District Court for the Southern District of Iowa against Greene to recover that amount. On February 24, 1958, without having secured personal service, they obtained what purported to be a judgment against him. They then attempted to acquire his claim against Mrs. Revyuk at an execution sale based on that judgment. The District Court, on motion of the appellees, dismissed the appellants' action against Greene on March 28, 1960, and vacated an order of May 2, 1958, substituting them as plaintiffs in place of Greene in his action on the bond of Mrs. Revyuk and Leslie Snook.

In August of 1960 the appellants procured a judgment for $11,211.80 against Greene in the United States District Court for the Southern District of New York. On November 9, 1960, they purchased his claim against Mrs. Revyuk at execution sale, under the registration of that judgment in the Southern District of Iowa. They acquired, on January 24, 1961, the status of plaintiffs with Greene in his action against her for his fees and expenses.

We shall let the *unreported* Memorandum and Order of Judge Stephenson—filed May 26, 1961,—of which the appellants complain, speak for itself. It reads as follows:

"IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION.

| | | |
|---|---|---|
| A. RICHARD GREENE, | Claimant, | |
| WALTER A. NEWPORT, JR., and | | |
| DONALD A. WINE, | Plaintiffs, | Civil No. |
| vs. | | 3-793 |
| ELIZABETH J. REVYUK and | | |
| LESLIE SNOOK, | Defendants. | |

"(Memorandum and Order.)

———◇———

"This matter is before the court on defendants' pending Motion to Dismiss, on plaintiffs' Motion for Summary Judgment, claimant's Motion Relative to Tak-

ing the Deposition of the claimant and The Production of Books, Records and Documents, and the defendants' Resistance to Plaintiffs' Motion for Summary Judgment and to Claimant's Motion Relative to the Taking of the Deposition of the Claimant and the Production of Books, Records and Documents, and the renewed Motion to Dismiss contained in Division III thereof, and the Defendants, Elizabeth J. Revyuk and Leslie Snook, appearing by their attorney, Herbert S. Selby and the Plaintiffs, Walter A. Newport, Jr., and Donald A. Wine, appearing pro se and the Claimant, A. Richard Greene, appearing not nor anyone for him, and the Court being fully advised in the premises, finds as follows:

"(1) That this cause has been pending for nearly four years. It commenced with the filing of a claimed attorney's lien by the claimant, A. Richard Greene, in April of 1957. A bond was thereafter filed and in June 1957, the claimant, A. Richard Greene, commenced suit thereon. On August 29, 1957, the court ordered that depositions could be taken upon application of the defendants for the taking of such depositions and that all of such depositions would be judicially supervised by the court in conformity to previous orders of the court. The depositions of the defendant, Elizabeth J. Revyuk and her husband, Michael Revyuk were then taken in Des Moines, Iowa, Michael Revyuk having been voluntarily produced for such deposition. As ordered by the court the discovery deposition of the claimant, A. Richard Greene, was thereafter commenced on October 2, 1957, under judicial supervision as previously ordered by the court, but after the commencement of said deposition it was on that same date interrupted and discontinued by the claimant, A. Richard Greene, through his pleas of personal illness, and illness of members of his family. The court at that time ordered said discovery deposition resumed on November 5, 1957. The claimant, A. Richard Greene, did not appear as ordered on November 5, 1957, and the court at that time entered a

further order for the continuance of his deposition containing certain conditions and requirements including medical reports by A. Richard Greene to the court every two weeks, which order has not been complied with. Time for the resumption of the taking of the claimant's deposition and the production of books, records and documents was later set by order of this court for March 28, 1961, at 9:30 a. m., at the Federal Court House in Des Moines, Iowa. After notice was given to him, the claimant did not appear or produce the books, records and documents at that time but sent a last minute telegram to the court and later that day filed his motion relative to the taking of the deposition of the claimant, wherein claimant, A. Richard Greene, asked that said deposition and production of books and records be held in New York and further that it be postponed until April 28, 1961. On March 28, 1961, in open court and in the presence of Walter A. Newport, attorney for plaintiffs and Herbert S. Selby, attorney for defendants, the court announced its finding that the claimant, A. Richard Greene, was in default and his claim should be dismissed; the court took under advisement defendants' motion for dismissal as to plaintiffs, Walter A. Newport and Donald A. Wine, and granted the parties additional time in which to file briefs. Thereafter, plaintiffs Walter A. Newport, Jr. and Donald A. Wine, filed motion for summary judgment and the same came on for oral hearing on April 28, 1961.

"(2) The court finds that its previous finding (March 28, 1961) that the claim of A. Richard Greene should be dismissed should be reaffirmed and the motion of claimant, A. Richard Greene, to transfer the taking of the deposition to New York and to postpone the taking of the deposition to April 28, 1961, is without merit and should be denied. The Honorable Robert Van Pelt in a Memorandum filed herein over a year ago (February 10, 1960) said, 'Defendants seek dismissal of this cause for failure of Greene to prosecute or comply with

the orders of the court. The Motion is good so far as Greene is concerned. It would not be fair to Newport and Wine, however, to dismiss the case in event they appeal this decision.' Newport and Wine appealed from Judge Van Pelt's ruling dismissing their complaint against A. Richard Greene for attorney fees, but thereafter dismissed their appeal as moot [1] because in the meantime they had obtained a personal judgment against A. Richard Greene in the U. S. District Court for the Southern District of New York and thereafter purchased the claim of A. Richard Greene against defendants herein at the U. S. Marshal's sale on November 9, 1960, held pursuant to the issuance of execution and the resulting levy on the chose in action herein. On January 24, 1961, this court ordered joinder of Walter A. Newport, Jr. and Donald A. Wine, as party plaintiffs and directed that this matter be brought to trial at the May term of this court or suffer dismissal for want of prosecution. On motion of the defendants this court ordered claimant, A. Richard Greene to appear for the taking of his deposition and to produce books, records and documents as set out in paragraph (1) hereof. The claim of A. Richard Greene herein having been dismissed as to him, the next question before the court is whether said claim should be dismissed as to all. Newport and Wine concede they have no control over A. Richard Greene and cannot produce him for deposition or the books, records and documents sought by the defendants. However, they urge that because they are now the owner of A. Richard Greene's claim herein they should be allowed to proceed to trial of said claim on the basis of the depositions taken thus far herein.

"(3) The defendants have been unable to complete discovery due to the failure and refusal of the claimant, A. Richard Greene, to abide by and comply with the orders of the court. The defendants have not yet seen or had the opportunity to see any ledgers, books, records, documents or any papers of any kind in support of the claim upon which this action is based, and they have not been afforded the opportunity to examine for discovery purposes the person whose claim forms the basis of this action or his wife who has served as his secretary in connection with the matter in dispute. In connection with his former employment by the defendant, Elizabeth J. Revyuk, A. Richard Greene gained control and possession of the books, records, checking accounts, documents, and business papers of said defendant dealing with transactions involving said parties, and since the termination of that employment and the subsequent bringing of this action, said A. Richard Greene and the lawyers representing him have refused or failed to produce any portion of said books, records, checking accounts, documents, or business papers though repeated demands therefor have been made by or on behalf of said defendant for more than three and one-half years. The defendants cannot properly prepare for trial on the merits without completing sufficient discovery so as to inform them of the details and specifics of the claim upon which this action is founded. Such discovery and the production of the books, checking accounts, records and documents are relevant to the issues in this case and in fact go to the very essence and heart of the case. To deny the defendants this discovery is to deny them basic justice. This is true, particularly in light of the fact that similar discovery depositions of the defendant, Elizabeth J. Revyuk and Michael Revyuk have been made. The court agrees with the statement made in the record on November 5, 1957, by the Honorable Henry N. Graven, Judge, after the cessation of the claimant's deposition: 'I do not think, of course, the defendants could go to trial without allowing them to complete their discovery procedure.' No discovery proceedings have been held since that date and nothing has occurred to alleviate

---

1. The dismissal by the Court of Appeals appears in Newport v. Revyuk, 8 Cir., 283 F.2d 145.

the tremendous burden that would be placed upon the defendants by requiring them to go to trial without first making discovery of the claimant and the books, records and documents relating to the claim. It is now clearly and abundantly apparent that the claimant, A. Richard Greene, is not going to appear for the taking of his deposition and is not going to produce the required books, checking accounts, records and documents, now or in the future. It is equally clear the plaintiffs, Walter A. Newport, Jr., and Donald A. Wine cannot supply such discovery. Such discovery must be made available to the defendants or justice will be denied them. Since the claimant, A. Richard Greene, cannot be deposed and the books, records and documents produced, and since the defendants should not be required to go to trial without the benefit of same, this litigation must now be brought to a close.

"(4) The rights of the plaintiffs, Walter A. Newport, Jr., and Donald A. Wine acquired at Marshal's sale rise no higher than those of the claimant, A. Richard Greene, and their presence and status in the action does not serve to deprive the defendants of any of their substantive or procedural rights herein.

"(5) The motion for summary judgment of the plaintiffs, Walter A. Newport, Jr., and Donald A. Wine is substantially a repetition of a former motion for summary judgment which was overruled and the present motion for summary judgment should be overruled.

"(6) This action should be dismissed with prejudice, against both the claimant, A Richard Greene, and the plaintiffs, Walter A. Newport, Jr., and Donald A. Wine, and the counterclaim of the defendant, Elizabeth J. Revyuk should be continued for appropriate proceedings.

"(7) Under the provisions of Rule 54b it is expressly determined that there is no just reason for delay in the entry of the final judgment of dismissal with prejudice as to the claimant, A. Richard Greene, and all persons claiming by, through or under him including the plaintiffs, Walter A. Newport, Jr., and Donald A. Wine, and such final judgment under the mentioned rule is expressly directed to be entered.

"Therefore, It Is Hereby Ordered, Adjudged and Decreed:

"1. That the claimant's motion relative to taking the deposition of the claimant and the production of books, records, and documents is overruled.

"2. The motion for summary judgment of the plaintiffs, Walter A. Newport, Jr., and Donald A. Wine is overruled.

"3. The defendants' resistance to plaintiffs' motion for summary judgment and to claimant's motion relative to the taking of the deposition of the claimant and the production of books, records, and documents, and the motion to dismiss contained in Division III thereof, is sustained.

"4. That the action of the claimant, A. Richard Greene, and the proceedings of the plaintiffs, Walter A. Newport, Jr., and Donald A. Wine, be and the same are hereby dismissed with prejudice.

"5. The counterclaim of the defendant, Elizabeth J. Revyuk, is continued.

"6. The bond filed herein by the defendant, Elizabeth J. Revyuk, is discharged and the surety thereon exonerated."

In their Reply Brief the appellants say:

"*Basically* there are exactly two issues in this appeal:

"(1) Was the Trial Court correct in dismissing appellants' appeal [action] for failure of Greene to furnish discovery, by way of deposition and of production, to appellees?

"(2) Was the Trial Court correct in overruling appellants' motion for summary judgment?"

It is apparent that the trial court's dismissal of this case was based upon more than the failure of Greene to comply with the orders of the court relative to discovery and to production of documents.

The case was old and had been productive of nothing for years except motions, countermotions, and Clerk's docket entries—of which there are in the record on appeal some sixteen printed pages. They reflect the adroitness of counsel, but no real progress toward the termination of the litigation. The fact that it is the misfortune, and not the fault, of the appellants that the asserted claim of Greene against Mrs. Revyuk has not been and evidently cannot be adjudicated on the merits, is of little help to them. Their misfortune reasonably may not be visited upon her or the District Court.

Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides, in part:

> *"Involuntary Dismissal: Effect Thereof.* For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

In Sweeney v. Anderson, 10 Cir., 129 F.2d 756, 758, the court said:

> "The elimination of delay in the trial of cases and the prompt dispatch of court business are prerequisites to the proper administration of justice. These goals cannot be attained without the exercise by the courts of diligent supervision over their own dockets. Courts should discourage delay and insist upon prompt disposition of litigation. Every court has the inherent power, in the exercise of a sound judicial discretion, to dismiss a cause for want of prosecution. The duty rests upon the plaintiff to use diligence and to expedite his case to a final determination. The decision of a trial court in dismissing a cause

> for lack of prosecution will not be disturbed on appeal unless it is made to appear that there has been a gross abuse of discretion. Colorado Eastern Ry. Co. v. Union Pacific Ry. Co., 8 Cir., 94 F. 312; Hicks v. Bekins Moving & Storage Company, 9 Cir., 115 F.2d 406; Cage v. Cage, 5 Cir., 74 F.2d 377; Inderbitzen v. Lane Hospital, 17 Cal.App.2d 103, 61 P.2d 514."

See, also: Edmond v. Moore-McCormack Lines, Inc., 2 Cir., 253 F.2d 143; Joseph v. Norton Company, 2 Cir., 273 F.2d 65; Janousek v. French, 8 Cir., 287 F.2d 616, 620–621; 80 A.L.R.2d 1401.

Long before the existence of the Federal Rules, this Court had held that, regardless of any rule of practice, "every court has the power to dismiss a cause for want of prosecution. It is a matter of judicial discretion, and is frequently exercised." Colorado Eastern Ry. Co. v. Union Pacific Ry. Co., 8 Cir., 94 F. 312, 313.

It is our opinion that the dismissal of this case by Judge Stephenson was not arbitrary, capricious or an abuse of his discretion, and was fully justified.

The trial court did not err in denying the appellants a summary judgment. The issues raised were not shown by them to be "sham, frivolous, or so unsubstantial that it would obviously be futile to try them." Sprague v. Vogt, 8 Cir., 150 F.2d 795, 801. See also: Caylor v. Virden, 8 Cir., 217 F.2d 739; Union Transfer Company v. Riss & Company, Inc., 8 Cir., 218 F.2d 553, 554; United Pacific Insurance Co. v. United States ex rel. Mississippi Valley Equipment Co., 8 Cir., 296 F.2d 160, 165–166. Before Mrs. Revyuk could be required to pay the appellants for any services rendered by them as attorneys for Greene in his action against her, she was entitled to have a trial of the controverted issue whether she was in fact indebted to Greene upon his claim in any amount whatsoever.

The judgment appealed from is affirmed.