**Donald W. MELTON, Appellant,**

v.

**MARITIME OVERSEAS CORPORATION, Appellee.**

**No. 14401.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 7, 1970.

Decided Oct. 13, 1970.

Carl M. Hall, Norfolk, Va. (Fine, Fine, Legum & Fine, Norfolk, Va., on the brief), for appellant.

Harry E. McCoy, Norfolk, Va. (Robert M. Hughes, III, Richard I. Gulick, and Seawell, McCoy, Winston & Dalton, Norfolk, Va., on the brief), for appellee.

Before BOREMAN, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Donald W. Melton, plaintiff below, a merchant seaman, sought to recover damages for personal injuries allegedly sustained while employed and serving on board defendant's vessel.

In May 1969, at a pretrial conference, the case was set for trial on November 25, 1969. Between these dates Melton's counsel wrote four letters to advise and remind plaintiff of the trial date, the fourth letter having been sent on November 4, 1969. The record discloses that these communications were received.

Immediately prior to the trial date plaintiff's counsel learned for the first time that plaintiff was then on board a vessel, unidentified by name, which had left California about twelve days prior to the trial date. This information was supplied by Melton's parents.

On November 24, 1969, plaintiff's counsel orally moved the district court for a continuance because of plaintiff's absence. The motion was overruled and the court advised counsel to proceed with the trial on the following day. On November 25 counsel filed a formal motion for a continuance or in the alternative a motion for dismissal without prejudice; also a supporting affidavit. Both motions were denied. Plaintiff's counsel declined to proceed to trial in the absence of his client and the court thereupon dismissed the case with prejudice, awarding costs to the defendant.

We affirm the judgment below. Davis v. United Fruit Company, 402 F.2d 328

(2 Cir. 1968), cert. denied, 393 U.S. 1085, 89 S.Ct. 869, 21 L.Ed.2d 777 (1969); Torino v. Texaco, Inc., 378 F.2d 268 (3 Cir. 1967); Jameson v. DuComb, 275 F.2d 293 (7 Cir. 1960).

Affirmed.