Howard WELSH and Carl Welsh, d/b/a
Welsh Brothers, Appellants,

v.

AUTOMATIC POULTRY FEEDER COM-
PANY, a Michigan Corporation, DeWitt
Industries, Inc., a Corporation, Big
Dutchman, Inc., a Michigan Corpora-
tion, Appellees.

No. 20454.

United States Court of Appeals,
Eighth Circuit.

March 9, 1971.

John F. Angell, Minneapolis, Minn.,
Mahoney, Dougherty, Angell & Maho-
ney, Richard P. Mahoney, Minneapolis,
Minn., for appellants.

Greer E. Lockhart and Jon D. Jens-
vold, Minneapolis, Minn., for appellees;
Richards, Montgomery, Cobb & Bassford,
Minneapolis, Minn., of counsel.

Before GIBSON and BRIGHT, Circuit
Judges, and McMANUS, Chief District
Judge.

McMANUS, Chief District Judge.

This diversity action was dismissed
below with prejudice [1] for Appellants'
repeated failure to comply with orders
of court and their personal agreements
with the court and opposing counsel.
The question on appeal is whether that
dismissal constituted an abuse of discre-
tion. We affirm.

1. Honorable Earl R. Larson's order of May 28, 1970.

The relevant facts are that on February 27, 1969, Appellants filed their complaint seeking damages for the destruction of a hatchery in a fire on March 1, 1963. By agreement, the filing of Appellees' answers were postponed until August 27, 1969. On that same day, Judge Larson held the first pre-trial conference ordering that discovery be completed by February 1, 1970, and setting the case for trial the following month. Appellants agreed at that time to dismiss their complaint against defendant U.S. Industries, Inc. This was never done.

Shortly after this conference, Appellees served Appellants with interrogatories to be answered by September 11, 1969. When no answers were forthcoming by October 14, counsel wrote Appellants requesting answers. This correspondence was ignored and Appellees were forced to move to compel answers on December 1. This motion was set for hearing on December 10, but postponed by the court for nine days at Appellants' request. The day before the scheduled hearing, Appellants made their first attempt to answer the interrogatories by serving unexecuted and incomplete answers upon Appellees. At the hearing on December 19, they agreed and were ordered to furnish Appellees proper answers by not later than January 15, 1970, with the date for completion of discovery extended until April 15, 1970. No answers were filed as promised and ordered on January 15. It was not until May 25, well after Appellees had filed their motion to dismiss and discovery was to have been completed, that Appellants attempted to answer the interrogatories.[2]

On January 14, 1970, Appellees served notices of the taking of depositions of Appellants and others on February 5, 1970. These depositions were discontinued at Appellants' request and with the assurance that the witnesses would be made available within a couple of weeks.

When Appellants failed to do so, the depositions were again noticed on March 27 for April 3. Appellant, Carl Welsh, failed to appear at that time and was not produced until May 22, 1970, again well after Appellees' motion to dismiss had been filed and the discovery deadline had expired.

At a second pre-trial conference on April 9, the court again extended the discovery deadline until May 15, 1970, and denied Appellants' motion to continue the case until the fall term.

Finally, on May 5, 1970, Appellants served Appellees with extensive interrogatories containing 92 questions which required 375 answers due on May 20. On May 15, 1970, Appellees moved to strike Appellants' complaint and dismiss the action or in the alternative to not be required to answer the interrogatories. This motion was granted on May 28, after Appellants' counsel indicated an inability and unwillingness to proceed with trial as scheduled.

■ There is little doubt that a trial court has the power, with or without motion, to dismiss an action for failure to prosecute or for refusal to comply with orders of court. See, e. g., Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Grunewald v. Missouri Pacific Railroad Co., 331 F.2d 983 (8th Cir. 1964); Newport v. Revyuk, 303 F.2d 23 (8th Cir. 1962); Industrial Building Materials, Inc. v. Interchemical Corp., 278 F.Supp. 938 (C.D.Cal.1967) (and cases cited therein) F.R.Civ.P. 41. Dismissal is, however, a drastic sanction which should be sparingly exercised and is reviewable for abuse of discretion. See, e. g., Grunewald v. Missouri Pacific Railroad Co., *supra;* Newport v. Revyuk, *supra;* Bowles v. Goebel, 151 F.2d 671 (8th Cir. 1945).

As to the nature of discretion and this court's function in reviewing alleged

---

2. Indeed, even these answers do not appear to be complete in that they are the same answers which were previously filed and admitted by counsel to be incomplete.

abuse this court said in Bowles v. Goebel, *supra,* at 674:

"Discretion in a legal sense necessarily is the responsible exercise of official conscience on all the facts of a particular situation in the light of the purpose for which the power exists. * * * And the process of an appellate court in examining exercised discretion for abuse is not one of creating prescriptions and definitions for the curbing of judgment generally, but simply one of viewing the action taken in an immediate case in the relativeness of its entire situation to see whether it compels the conviction that there has been a responsible exercise in a legal sense of official conscience on all the considerations involved in the situation."

The heart of Appellants' contention is that the district court abused its discretion in dismissing this case because Appellants' actions were not willful. We do not agree.

Willful as used in the context of a failure to comply with a court order or failure to prosecute implies a conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance and no wrongful intent need generally be shown. See, Societe Internationale, etc. v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); Discovery—Failure to Obey—Good Faith, 2 A.L.R.Fed. 811, 815 (1969). Appellants' conduct throughout the proceedings in the district court evidenced a systematic pattern to delay trial on the merits. Not only was the complaint not filed until almost six years after the fire, but proceedings were repeatedly delayed by failures to meet deadlines regarding discovery. Finally, after their motion for continuance had been denied, they filed copious interrogatories in violation of the court's discovery deadline and were apparently not prepared to go to trial even though the date had been set some nine months prior and had already been delayed for two months. On the record viewed as a whole, we find no abuse of discretion. See, Hooper v. Chrysler Motors Corp., 325 F.2d 321 (5th Cir. 1963); Jameson v. Du Comb, 275 F.2d 293 (7th Cir. 1960).

Affirmed.