Donald E. **THOMAS**, Plaintiff,

v.

Harold **BREIER**, Individually and as Chief of Police of the City of Milwaukee, Wisconsin, et al., Defendants.

No. 71-C-32.

United States District Court,
E. D. Wisconsin.

Aug. 30, 1972.

Valenti, Flessas & Koconis by John J. Valenti, and Zubrensky, Padden, Graf & Bratt by Herbert S. Bratt, Milwaukee, Wis., for plaintiff.

James B. Brennan, City Atty., by Joseph H. McGinn, Asst. City Atty., Milwaukee, Wis., for defendants.

## DECISION and ORDER

**MYRON L. GORDON**, District Judge.

The defendants have moved to dismiss this action because of the plaintiff's failure to comply with the court's order dated July 16, 1971. The motion to dismiss was filed on March 6, 1972. There is also a motion filed by the plaintiff on May 11, 1972 requesting an enlargement of time to comply with the court's order.

The resolution of the foregoing motions is complicated by two facts. The first is that a temporary restraining order has been operative as of January 28, 1971; that restraining order bars the defendants from enforcing Chap. 83 of the general ordinances of the city of Milwaukee against the plaintiff; it also forecloses the defendants from interfering with the plaintiff's operation of the Parkway Theatre in Milwaukee.

The second complication in the case at bar stems from the fact that at a hearing on the defendants' motion to dismiss before another branch of this court on May 22, 1972, the defendants requested that Chief Judge Reynolds, who had issued the temporary restraining order, recuse himself, and such request was granted. As a result, the case was reassigned to this branch of the district court. The parties are in disagreement not only as to the merits of the pending motions, but also as to whether Chief Judge Reynolds had in fact ruled on the defendants' motion to dismiss. At the hearing on May 22, 1972, the record discloses that Chief Judge Reynolds stated "Well, I am not going to dismiss the action." The plaintiff construes this to be a ruling adverse to the defendants on their motion to dismiss. However, the minute entry of the May 22 hearing, initialed by the judge, makes no reference to any such ruling.

Assuming that the motion for dismissal is still open for the court's determination, I note that in a formal, written order on July 16, 1971, the following was ordered:

"IT IS FURTHER ORDERED that not later than August 30, 1971, plaintiff shall submit to the defendants a comprehensive statement of the facts plaintiff believes to be uncontested

and, in addition thereto, a statement of those facts which plaintiff believes will be contested. It is contemplated that no evidence will be taken on the uncontested facts. By October 12, 1971, defendants will reply to plaintiff, listing those facts which they will contest and any additional facts which they believe to be uncontested. Not later than October 27, 1971, plaintiff is to submit to this court a list of the contested and uncontested facts. Not later than November 8, 1971, the parties shall file with the court simultaneous briefs, and answering briefs are to be filed by November 19, 1971."

It is abundantly clear that the plaintiff failed to meet his obligations in connection with the above-quoted order, and in a memorandum submitted to the court, it is stated that he "apologizes for the lack of diligence that has occurred herein." The reasons advanced by the plaintiff for his neglect are not persuasive. They are set out in his memorandum as follows:

"a) That the Plaintiff is involved in numerous other matters, all of which require considerable amounts of time on the part of the said original counsel;

"b) The busy and extensive nature of the general law practice of said counsel;

"c) The fact that original counsel successfully engaged in a time-consuming campaign for the office of Milwaukee County Supervisor, and

"d) The statement that neither Plaintiff nor his original counsel wilfully or intentionally acted to frustrate a Court Order or for the purpose of delay or to frustrate the interests of justice."

There is ample authority for the court to grant the dismissal sought by the defendants under Rule 41(b), Federal Rules of Civil Procedure. Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Von Poppenheim v. Portland Boxing and Wrestling Commission 442 F.2d 1047 (9th Cir. 1971); O'Brien v. Sinatra, 315 F.2d 637 (9th Cir. 1963); Jameson v. Du Comb, 275 F.2d 293 (7th Cir. 1960); Joseph v. Norton Company, 273 F.2d 65 (2d Cir. 1959); Messenger v. United States, 231 F.2d 328 (2d Cir. 1956).

The defendants argue with considerable cogency that the plaintiff's failure to act is aggravated by the fact that a temporary restraining order has been in existence for over a year and one-half. While I recognize this point, I am not persuaded that it warrants dismissal.

Therefore, it is ordered that the defendants' motion to dismiss be and hereby is denied, provided that within 10 days from the date of this order the plaintiff pays the sum of $500 to defendants' counsel.