Richard "Dick" ROBINSON, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 83–1218.

United States Court of Appeals, Tenth Circuit.

Sept. 8, 1983.

John S. Adams of Gustin, Adams, Kasting & Liapis, Salt Lake City, Utah, for petitioner.

James Michael Kelly, Associate Gen. Counsel, Raymond W. Fullerton, Asst. Gen. Counsel, and Aaron B. Kahn, Attorney, U.S. Dept. of Agriculture, Washington, D.C., for respondent.

Before SETH, Chief Judge, and LOGAN and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Richard "Dick" Robinson was charged by the Department of Agriculture with violating the Animal Welfare Act of 1970 (AWA) § 4, 7 U.S.C. § 2134, for transporting a wolf from Utah to California for exhibition on television without a license. Robinson exhibited the wolf on several television programs to promote his most recent book about his exploits as an animal trainer and producer of animal films. Respondent once held a valid exhibitor's license under the AWA, but the license was revoked in 1979 when Robinson failed to comply with the terms of a consent decision requiring him to install more adequate plywood cover for his bear cages.

After a hearing, the Administrative Law Judge (ALJ) for the Department of Agriculture issued a cease and desist order to prevent Robinson from further illegally transporting and exhibiting his animals and assessed a $500 civil penalty against him. The Judicial Officer of the Department of Agriculture affirmed the order of the ALJ on appeal. Robinson's petition for review in this Court raises two issues: First, did the ALJ improperly preclude Robinson's affirmative defenses that the AWA is unconstitutional and that Robinson is not subject to the Act? Second, was the imposition of a $500 fine excessive and an abuse of discretion under the circumstances of this case?

I

Although Robinson claims on appeal that the ALJ effectively precluded him from attacking the constitutionality of the AWA and the applicability of the AWA to his activities, the record clearly indicates

that Robinson in fact had numerous opportunities to present his defenses. Robinson bases his preclusion argument on a prehearing telephone conference between the ALJ, counsel for the Department of Agriculture, and Robinson, who at the time represented himself. During that conversation Robinson admitted transporting the wolf from Utah to California for exhibition on the television shows. With this admission in mind, at the conclusion of the telephone conference the ALJ issued an order entitled "Summary of Telephone Conference," declaring that the only issue at trial "on which evidence will be taken will be what sanction, if any, should be imposed upon [Robinson]." Although Robinson thereafter filed other written motions, he made no objection or comments concerning the preclusion of his affirmative defenses until he was actually at the hearing.[1] After some discussion at the beginning of the hearing, the ALJ clarified the situation when he stated,

> "That [the affirmative defenses] won't be a matter of evidence. That will be a matter of briefing and argument. You should feel free to submit briefs and argument on that. If you have any problems, if there is some problem about some evidence you think you should be entitled to bring forward, we will discuss it."

R.II, 14.

■ Even if the ALJ had refused to admit Robinson's evidence, he still could have made the evidence a part of the record through an offer of proof. *See* 7 C.F.R.

§ 1.141(g)(7). Further, the Judicial Officer could have decided all issues *de novo* under the Administrative Procedure Act, 5 U.S.C. § 557(b), when it reviewed the ALJ's decision. *See Containerfreight Transportation Co. v. ICC,* 651 F.2d 668, 670 (9th Cir.1981). However, Robinson once again failed to present his constitutional arguments. Finally, even assuming that the ALJ refused to consider Robinson's constitutional arguments, Robinson suffered no prejudice. The agency is an inappropriate forum for determining whether its governing statute is constitutional. *See Califano v. Sanders,* 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977). While the agency may provide its views about the statute in relation to the nature of the industry Congress sought to regulate, the agency may not declare the statute unconstitutional. *See Johnson v. Robison,* 415 U.S. 361, 368, 94 S.Ct. 1160, 1166, 39 L.Ed.2d 389 (1974); *Engineers Public Service Co. v. SEC,* 138 F.2d 936, 952–53 (D.C.Cir.1943), *dismissed as moot,* 332 U.S. 788, 68 S.Ct. 96, 92 L.Ed. 370 (1947). Therefore, no agency ruling on a constitutional challenge could have resulted in a dismissal of the action.[2]

■ Robinson also claims that he was never given the opportunity to demonstrate that he was not subject to the AWA. However, not only did Robinson fail to request the opportunity to pursue this defense at the hearing, but afterwards in his proposed findings Robinson admitted that he was an "exhibitor who, without having obtained a license from the Secretary of Agriculture, transported in commerce, on or about Octo-

---

1. Approximately a week before the hearing Robinson did request a continuance so that he could more adequately prepare his defense. The ALJ refused to grant a continuance, which Robinson claims was an abuse of discretion. Under the circumstances of this case such a contention has no merit. Motions for continuance are addressed to the sound discretion of the trial court. Although there are limits on this discretion, the limits are not exacting and ordinarily the appellate court will not interfere with the district court's exercise of discretion. 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2352 (1971). *See Fulton v.*

*Coppco, Inc.,* 407 F.2d 611, 612–13 (10th Cir. 1969) (refusal to grant defendant's motion for continuance on ground that he was unable to prepare his defense on a particular issue was not an abuse of discretion).

2. It should be noted that although Robinson has never revealed the substance of his constitutional argument, the District of Columbia Circuit upheld the AWA against challenges on several constitutional grounds. *Haviland v. Butz,* 543 F.2d 169, 175–77 (D.C.Cir.1976), *cert. denied,* 429 U.S. 832, 97 S.Ct. 95, 50 L.Ed.2d 97 (1976).

ber 13, 1982, from Utah to California, one wolf for exhibition on various television shows . . . in violation of Section 4 of the Act (7 U.S.C. § 2134)." R. I, 52. Thus, the Judicial Officer hearing the appeal properly found that even if such a defense ever existed Robinson waived it upon submission of his proposed findings. *See* R. I, 87–88. Further, Robinson's testimony at the September 15 hearing conclusively showed that he transported the wolf from Utah to California for exhibition on television shows in return for money and other things of value. Such activity undoubtedly subjects Robinson to the strictures of the AWA. *See Haviland v. Butz,* 543 F.2d 169, 173–75 (D.C. Cir.1976), *cert. denied,* 429 U.S. 832, 97 S.Ct. 95, 50 L.Ed.2d 97 (1976); 7 U.S.C. §§ 2132, 2134; 9 C.F.R. §§ 1.1(n), (w).

## II

■ Robinson asserts that the ALJ's imposition of a $500 fine was excessive, unwarranted, and an abuse of discretion. However, in deciding the merits of such a claim we must be mindful that once the agency determines that a violation has been committed, the sanctions to be imposed are a matter of agency policy and discretion. In *Butz v. Glover Livestock Commission Co.,* 411 U.S. 182, 185–86, 93 S.Ct. 1455, 1457–1458, 36 L.Ed.2d 142 (1973), the Supreme Court held that courts should restrict their

"review of the Secretary's order according to the 'fundamental principle . . . that where Congress has entrusted an administrative agency with the responsibility of selecting the means of achieving the statutory policy "the relation of remedy to policy is peculiarly a matter for administrative competence."' *American Power Co. v. SEC,* 329 U.S. 90, 112 [67 S.Ct. 133, 145, 91 L.Ed. 103] (1946). Thus, the Secretary's choice of sanction . . . [should not] be overturned unless the Court of Appeals . . . [finds] it 'unwarranted in law or . . . without justification in fact . . . .'"

■ The AWA authorizes the assessment of a civil penalty in an amount of not more than $1,000. In setting the penalty, the ALJ is required to consider "the size of the business of the person involved, the gravity of the violation, the person's good faith, and the history of previous violations." 7 U.S.C. § 2149(b). The decision to order Robinson to cease and desist and to pay a $500 civil penalty was neither arbitrary nor capricious. Robinson testified that he had at least $50,000 invested in the physical facilities of his animal business, an amount that indicates a substantial operation. Although the ALJ found that since respondent's activity did not harm or endanger the wolf the maximum penalty of $1,000 would not be appropriate, Robinson had specific knowledge of the Act's requirements. Until approximately one year before the violations at issue, Robinson had been a licensee under the AWA. Robinson was in a position to know the requirements of the Act in spite of his testimony to the contrary. Robinson contends on appeal that since his testimony that he did not understand the requirements of the Act was the only evidence offered on this point at the hearing, the ALJ committed reversible error by finding that "the Act's terms and provisions were not unknown to Robinson and his was not an inadvertent offense." R. I, 58. However, even if the opposition offers no evidence on a particular issue it is still up to the trier of fact to assess the credibility of testimony on that issue and to decide whether that testimony is believable. McCormick, *Evidence* 794 (1972). "Credibility determinations, including assessments of demeanor, are to be made by the ALJ . . . and will not be overturned by a reviewing court absent extraordinary circumstances." *NLRB v. Berger Transfer & Storage Co.,* 678 F.2d 679, 687 (7th Cir.1982). No extraordinary circumstances appear to be present in this case, and this Court must respect the ALJ's determination that Robinson's self-serving testimony was not worthy of belief.

Taking into account all of these circumstances, the ALJ's conclusion that a cease

and desist order by itself was insufficient and that a $500 penalty was necessary to impress Robinson with the need to comply with the Act's requirements in the future was not an abuse of discretion.

AFFIRMED.