BRADLEY, Judge.
Franklin B. Fowler filed a detinue action in Montgomery County Circuit Court against Chuck Fowler seeking to recover several items of personal property, or in the alternative, to obtain the reasonable value of the property and damages for the wrongful detention of the property.
Defendant asked the circuit court to dismiss the complaint on February 2, 1982 on the ground that the case had been finally adjudicated in an action in the United *890 States Bankruptcy Court for the Middle District of Alabama.
The bankruptcy court’s order of June 16, 1982 stated that the parties had entered negotiations and would likely settle the matter. They then requested a week’s continuance, which was granted. On the day set for trial the parties did not appear, so the court deemed the case settled and dismissed it.
The circuit court dismissed plaintiff’s action on March 7, 1984. On March 21, 1984 plaintiff filed a motion for reconsideration of its decision to dismiss the action. This motion was overruled on April 10, 1984. It is from the overruling of this motion for reconsideration that plaintiff appeals.
Plaintiff contends that the trial court erred by dismissing his complaint because the bankruptcy court’s order was not res judicata of the proceedings in the case at bar.
The trial record reflects that on May 26, 1982 the bankruptcy court was advised by counsel for the parties that negotiations had been entered into which would likely result in settlement of the matter, and one week’s continuance was requested. On June 2, 1982, the date to which the matter was continued, no appearance was made by counsel for either party, and the court deemed the matter settled and dismissed the complaint.
From these facts it is reasonable to assume that the bankruptcy court dismissed the action for the failure of the parties to prosecute.
It has been held that an involuntary dismissal for want of prosecution operates as an adjudication upon the merits unless the court in its dismissal order specifies otherwise. Jameson v. DuComb, 275 F.2d 293 (7th Cir.1960); rule 41(b), Alabama Rules of Civil Procedure. The bankruptcy court’s order did not specify whether the order would be deemed an adjudication of the merits; therefore, according to the proposition in Jameson, supra, and A.R.Civ.P. 41(b), its order was an adjudication of the merits.
Does our finding that the bankruptcy court’s order was an adjudication of the merits of the controversy in that court permit us also to find that order to be res judicata of the detinue action in the Circuit Court of Montgomery County?
The essential elements of res judica-ta are: a prior judgment rendered by a court of competent jurisdiction; the prior judgment has been rendered on the merits; the parties to both suits are substantially identical; and the same cause of action is present in both suits. Reliance Insurance Co. v. Substation Products Corp., 404 So.2d 598 (Ala.1981).
We have found that a judgment on the merits was rendered by a court of competent jurisdiction, the bankruptcy court’s order of June 16, 1982, and that the parties in that proceeding were the same parties as in the present proceeding. However, the record fails to show that the cause of action adjudicated in the bankruptcy court is the same cause of action sought to be adjudicated in the present action.
Since one of the essential elements of res judicata is missing, the trial court could not find that the present action was barred by the bankruptcy adjudication. The trial court’s judgment dismissing the present action is reversed and the cause remanded.
REVERSED AND REMANDED.
HOLMES, J., concurs.
WRIGHT, P.J., concurs in the result.