761 P.2d 1245

**In the Matter of the Suspension of the Driver's License of: David George HETH, DL OR SS# 517–62–8114.**

**David George HETH, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 17250.**

Court of Appeals of Idaho.

Sept. 6, 1988.

Frederick G. Loats, Coeur d'Alene, for petitioner-appellant.

Jim Jones, Atty. Gen. by David R. Minert, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

David Heth appeals from a district court decision upholding a magistrate's order suspending his driver's license for 120 days because he refused a blood alcohol concentration (BAC) test. We are presented with two issues: (1) whether the magistrate abused his discretion in refusing to grant a second continuance of the license suspension hearing; and (2) whether I.C. § 18–8002 unconstitutionally places the burden on the motorist, in license suspension hearings, to demonstrate good cause for refusal. For reasons explained below, we affirm the district court's decision.

Heth was stopped by an officer of the Coeur d'Alene Police Department on suspicion of driving under the influence. After Heth failed several field sobriety tests, the officer asked him to submit to a BAC test. The officer read a form advising Heth that if he refused to take the test his license could be suspended for 120 days. Heth refused the test. The officer then seized Heth's license and issued him a thirty-day temporary permit pursuant to I.C. § 18–8002(4)(a).

Subsequently, Heth exercised his right under I.C. § 18–8002(4)(b) to request a hearing on why he had refused to take the test. However, Heth's counsel also requested a continuance of the hearing due to a scheduling conflict. The continuance was granted and another hearing date was set. Heth failed to appear personally at the rescheduled hearing. His counsel did appear and informed the court that Heth was out of the state on a pressing business matter. Counsel requested a second continuance. The motion was denied and the

court entered an order summarily suspending Heth's license for 120 days. Heth appealed to the district court, which affirmed. This appeal followed.

■ We first discuss Heth's challenge to the magistrate's refusal to grant a second continuance. Heth contends that his request should have been granted because his absence from court was for reasonable cause and because the state would not have been prejudiced by the additional delay. In fact, he notes that the state did not object to his request. However, the lack of objection is not dispositive.

A motion for a continuance is addressed to the sound discretion of the trial court. Ordinarily, an appellate court will not interfere with the trial court's ruling. *See, e.g., Robinson v. United States,* 718 F.2d 336 (10th Cir.1983). As noted above, the motion in the present case was not made until the outset of the aborted hearing. Tardiness of a motion may constitute a sufficient ground for refusing a continuance. *See generally* 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2352 (1971). A party's unavailability for business reasons is not usually a sufficiently compelling reason for granting a tardily requested continuance. *See, e.g., Melton v. Maritime Overseas Corp.,* 432 F.2d 108 (4th Cir.1970) (plaintiff, a merchant seaman who left the country aboard ship shortly before trial and whose counsel orally requested a continuance on day of trial, was not entitled to a continuance).

In the present case, had Heth not requested a show cause hearing the magistrate would have been required—without further consideration—to suspend Heth's license upon receipt of a sworn statement from a law enforcement officer. *See* I.M. C.R. 9.2(a), (b). Furthermore, one continuance already had been granted. Incidentally, we note that I.C. § 18–8002 since has been amended to allow only one continuance in show-cause proceedings. The clear legislative intent behind the license suspension scheme is to determine the status of driving privileges as swiftly as possible after a BAC test is refused. We discern no abuse of discretion in the magistrate's decision to refuse a second continuance.

■ Heth next asserts that I.C. § 18–8002(4)(b) is unconstitutional because it unfairly allocates to the motorist the burden of demonstrating good cause for refusing a BAC test. The state responds— and, indeed, Heth explicitly concedes in his brief on appeal—that this issue is being raised for the first time before this Court.

Ordinarily, an appellate court will not consider substantive issues raised for the first time on appeal. *Standards of Appellate Review in State and Federal Courts,* § 3.5.1, IDAHO APPELLATE HANDBOOK (Idaho Law Foundation, Inc. 1985). Exceptions to this rule exist when the error is jurisdictional or where the doctrine of "fundamental error" applies. Under this doctrine, which applies to criminal cases, an appellate court will examine a claim of error for the first time on appeal if it is shown that the error so profoundly affected the appellant's substantial rights that he was denied a fair trial. *State v. Williams,* 103 Idaho 635, 651 P.2d 569 (Ct.App.1982).

Here, we deem it clear that any issue regarding burden of proof is not jurisdictional. With respect to the doctrine of "fundamental error," it might be argued that although license suspension proceedings are civil (administrative) in nature, they are so closely related in subject matter to a criminal prosecution that the doctrine should be applied. However, we need not resolve that question today. In our view, the doctrine is inapplicable for another reason. Heth does not contend that any error produced a hearing that was unfair. Indeed, there was no hearing because, as we have discussed, Heth failed to appear. Moreover, even if a hearing had been held in Heth's absence, and if the state had merely relied upon the existing record to show that the BAC test was refused without apparent cause, such a showing would have gone unrefuted by Heth. Consequently, Heth has not established that he was actually prejudiced by the statutory allocation of the burden of proof. A person has no standing to challenge the constitutionality of a statute unless he demon-

strates that he has been adversely affected by it. *E.g., State v. Curtis,* 106 Idaho 483, 680 P.2d 1383 (Ct.App.1984).

Accordingly, the decision of the district court, upholding the magistrate's order, is AFFIRMED.