774 P.2d 349

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert Lee CUNNINGHAM, Defendant–Appellant.**

**No. 17589.**

Court of Appeals of Idaho.

May 19, 1989.

Petition for Review Denied
Aug. 17, 1989.[*]

---

[*] Dissenting opinion on denial of review will be published.

Dan J. Rude, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

Before WALTERS, C.J., SWANSTROM, J., and HART, J. Pro Tem.

PER CURIAM.

Robert Cunningham appeals from a district court's appellate decision which reversed a magistrate's order suppressing evidence of Cunningham's blood alcohol test result. The issue is whether the magistrate erred in concluding that, pursuant to I.C. § 18-8002(4)(d), evidence of Cunningham's blood alcohol test result should be suppressed because the arresting officer did not provide Cunningham with an opportunity for an additional test. We agree with the district court that the evidence should not have been suppressed. Accordingly, we affirm the district court's appellate decision. The case is remanded for further proceedings.

Because this is an appeal from a decision of the district court acting in its appellate capacity, we conduct an independent review of the record. We determine whether findings made by the magistrate are supported by substantial evidence and whether the magistrate correctly applied the law to the facts as found. Of course, we reach our own determinations of law upon the facts presented.

The facts are undisputed. In the early morning hours of June 18, 1987, a Coeur d'Alene police officer arrested Cunningham for driving while under the influence (DUI). En route to the jail the officer passed a local medical center, prompting Cunningham to request a blood-sample test instead of a breath test because Cunningham did not trust a breath test. The officer replied that only a breath test was being offered. At the jail Cunningham was properly informed of his right under I.C. § 18-8002(3)(d) to an additional test of his own choosing and at his own expense. Cunningham submitted to a breath test but did not renew his desire for a blood-sample test, nor did he request any other additional test.

The magistrate made the following important findings. "It is clear that the Defendant requested a blood concentration test *rather than* a breath test." (Emphasis added.) "The officer responded by telling the Defendant that he had to take the breath test *instead*." (Emphasis added.) These findings are supported by the evidence. Based on these findings the magistrate concluded "that the Defendant was denied an opportunity to have an additional test performed." The magistrate granted Cunningham's motion to suppress evidence of his breath test. On the state's appeal, the district court reversed, holding that an additional test had not been denied. Cunningham then brought this appeal.

A person arrested for DUI is not free to pick the type of alcohol test he will be given initially when requested to submit to a test by an officer. Rather, the choice of evidentiary tests for determining blood alcohol concentration is within the arresting officer's discretion. *Matter of Griffiths*, 113 Idaho 364, 744 P.2d 92 (1987). However, after submitting to the officer's test, the person may, when practicable, obtain at his own expense additional tests. I.C. § 18–8002(3)(d). Further, "[t]he failure or inability to obtain an additional test or tests by a person shall not preclude the admission of an evidentiary test for alcohol concentration taken at the direction of the police officer unless the additional test was denied by the police officer." I.C. § 18–8002(4)(d). Accordingly, suppression of an evidentiary test is warranted only where a police officer denies a person the opportunity for an additional test.

The facts show Cunningham requested a blood-sample test rather than, not in addition to, a breath test. Moreover, after submitting to the breath test, Cunningham made no request for an additional test. For all we know, the breath test result may have caused Cunningham to change his mind concerning a blood-sample test. The magistrate's findings, quoted earlier, do not support his conclusion that the arresting officer had denied Cunningham an opportunity for an additional test.[1] Upon the undisputed facts in this record, we conclude, as did the district court, that Cunningham requested only an *alternative* test, not an *additional* test. Accordingly, we hold that the magistrate erred in concluding that the arresting officer had denied Cunningham an additional test.

The district court appellate decision reversing the magistrate's order of suppression is affirmed. Case remanded for further proceedings.

---

1. We do not hold that a request for an *additional* test made *before* the person submits to the officer's test can never be treated as a continuing request to be honored after the officer's test is completed. However, the record in this case does not support a conclusion that Cunningham's request was a continuing one.