800 P.2d 687

**In the Matter of the Suspension of the Driver's License of Jeffery Patrick CUMMINGS.**

**Jeffery Patrick CUMMINGS, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 18451.**

Court of Appeals of Idaho.

Nov. 8, 1990.

Terrance W. Hannon, Coeur d'Alene, for petitioner-appellant.

Jim Jones, Atty. Gen., Myrna A. I. Stahman, Deputy Atty. Gen., Boise, for respondent.

SILAK, Judge.

Following a show cause hearing, a magistrate suspended Jeffery Patrick Cummings' driving privileges, pursuant to Idaho Code § 18–8002, for having refused to submit to an evidentiary test for alcohol concentration. For the reasons stated below, we affirm.

The facts in this case are undisputed. On April 20, 1989, Cummings was stopped by an Idaho State Police officer who subsequently asked Cummings to take an Intoximeter test for evidence of alcohol concentration. Cummings refused to take the offered breath test, but stated that he would submit to a blood test at his own expense. As a result of Cummings' refusal to take the breath test, the officer seized Cummings' driver's license and issued him

a thirty-day temporary restricted driving permit, as authorized by I.C. § 18–8002(4)(a). On April 27, 1989, Cummings timely requested a show cause hearing pursuant to I.C. § 18–8002, and the hearing was initially set for May 12. On May 5, Cummings filed a timely motion under I.C.R. 25 to disqualify the magistrate. On May 16, a new magistrate was assigned, and the show cause hearing was re-scheduled by the court clerk for May 24.

At the hearing on May 24, 1989, Cummings objected to the hearing and moved to dismiss on the grounds that the hearing was held thirty-four days after the seizure of Cummings' driver's license, and thus was untimely under I.C. § 18–8002(4)(b). The magistrate denied the motion, held the hearing, and subsequently ordered the suspension of Cummings' driving privileges for six months. Cummings appealed to the district court, which affirmed the order of the magistrate. Cummings now appeals to this Court arguing, as he did to the district court, that the magistrate erred by denying the motion to dismiss and that Cummings had sufficient cause to refuse to take the breath test.

Preliminarily, we note that where, as here, the issues before this Court are the same as those considered by the district court sitting in an appellate capacity, this Court will review the trial record with due regard for, but independently from, the district court's decision. *Robinson v. Joint School District No. 331*, 105 Idaho 487, 670 P.2d 894 (1983); *Hentges v. Hentges*, 115 Idaho 192, 765 P.2d 1094 (Ct.App.1988).

## I.

Cummings first argues that the magistrate erred by denying his motion to dismiss because the show cause hearing was not held within the statutorily specified time period. The procedure for requesting and holding license suspension hearings following refusal by a motorist to consent to evidentiary testing for alcohol concentration or the presence of drugs or other intoxicating substances is set forth in I.C.

§ 18–8002(4)(b). That section reads in pertinent part:

> [I]f requested, the hearing must be held within thirty (30) days of the seizure unless this period is, for good cause shown, extended by the court for one (1) additional thirty (30) day period.

As we recently noted in *Matter of Heth*, 114 Idaho 893, 894, 761 P.2d 1245, 1246 (Ct.App.1988), "The clear legislative intent behind the license suspension scheme is to determine the status of driving privileges as swiftly as possible after a ... test is refused." A 1987 amendment to this section added the provision that the initial thirty-day period within which a suspension hearing must be held may be extended for an additional thirty days upon a finding of good cause.

■ The magistrate court granted an extension of the hearing before the first thirty-day time period expired, for on May 16, 1989, twenty-six days after Cummings' refusal, the court reset the hearing from May 12 to May 24. Thus, the new hearing date was in compliance with the statute's time-period requirements because it fell well within the second thirty-day period.

The statute further requires that an extension of the hearing date be granted only upon a finding of good cause. At the suspension hearing on May 24, 1989, the magistrate heard argument on Cummings' motion to dismiss for untimeliness. The magistrate orally ruled that the suspension hearing should be held on that date, noting that the efficient administration of justice had required the clerk of the court to continue the hearing to a date available to the newly-assigned magistrate following the disqualification of the first magistrate.[1]

■ When a statute requires a finding of "good cause" before an extension of an action or hearing is granted, we independently review the lower court's decision as to whether good cause has been shown upon the facts and circumstances of a particular case. *State v. Stuart*, 113 Idaho 494, 496, 745 P.2d 1115, 1117 (Ct.App.1987). Good cause means a substantial reason, one that affords a legal excuse. *Stuart* at 496, 745 P.2d at 1117. Good cause under I.C. § 18–8002(4)(b) for a continuance of this suspension hearing may be found in the needs of the efficient operation of the court system. *See State v. Sindak*, 116 Idaho 185, 774 P.2d 895 (1989) *cert. denied,* —— U.S. ——, 110 S.Ct. 1125, 107 L.Ed.2d 1032 (1990); *State v. Irving*, 118 Idaho 673, 799 P.2d 471 (Ct.App.1990). Cummings' motion to disqualify the magistrate was filed on May 5, 1989, one week prior to the hearing set for May 12 before the first magistrate. It was not unreasonable for the hearing to have been extended to May 24 given the need to select and assign an available magistrate, and to set a hearing date before the newly-assigned magistrate. Thus, we conclude that the magistrate correctly assessed the facts and circumstances of this particular case in finding good cause as required by I.C. § 18–8002(4)(b).[2]

Because the hearing was held in compliance with I.C. § 18–8002(4)(b), after an extension into the second thirty-day period upon a finding of good cause, we affirm the magistrate's order denying Cummings' motion to dismiss.[3]

## II.

■ Cummings next argues that the magistrate's order suspending his driving privileges should be reversed because he established sufficient cause for his refusal to take the offered test. Therefore, he argues, suspension of his license would be unjust or inequitable. Whether Cummings' actions are deemed to be a refusal within

---

1. Although the magistrate did not specifically state that good cause existed, as required by I.C. § 18–8002(4)(b), nevertheless, our review of the record convinces us, as it did the district judge, that this was precisely the effect of the magistrate's oral ruling.

2. We do not intimate in this opinion what our holding might be if the hearing had occurred beyond the total sixty-day period set forth in I.C. § 18–8002(4)(b).

3. We need not decide whether the statute's requirements regarding the timing of a suspension hearing are mandatory or directory since we have determined that the hearing was held in compliance with the statute.

the meaning of I.C. § 18–8002 is a question of law over which we exercise free review. *See Matter of Smith*, 115 Idaho 808, 809–810, 770 P.2d 817, 818–819 (Ct.App.1989).

Cummings argues that his conduct did not constitute a refusal to submit to a test. Asserting that he did not trust the accuracy of the Intoximeter, he offered to have a blood alcohol test drawn at his own expense if the officer would take Cummings to the hospital. As Cummings acknowledges, however, the choice of which alcohol concentration test will be given rests with the police officer. *Matter of Griffiths*, 113 Idaho 364, 370, 744 P.2d 92, 98 (1987); *State v. Cunningham*, 116 Idaho 179, 774 P.2d 349 (Ct.App.1989) (review denied). In *Griffiths*, the Supreme Court held that—to establish cause for refusal—the driver must show a cause of sufficient magnitude, such as a demonstrated physical or psychological inability to perform the requested test, that it may fairly be said the suspension of driving privileges would be unjust

or inequitable. 113 Idaho at 372, 744 P.2d at 100.

We see nothing unjust or inequitable in the suspension of Cummings' driving privileges. Cummings could have taken the Intoximeter test as the officer requested and still have had a blood test administered at his own expense as contemplated by I.C. §§ 18–8002(3)(d), (4)(d).[4] *Cunningham* at 181, 774 P.2d at 351.

Accordingly, we affirm the decision of the district court which upheld the order of the magistrate suspending Cummings' driving privileges for six months. Costs to respondent.

WALTERS, C.J., and SWANSTROM, J., concur.

---

**4.** At the time, I.C. § 18–8002(4)(d) read as follows:

> After submitting to the test at the request of the police officer, he may, when practicable, at his own expense, have additional tests made by a person of his choosing. The failure or inability to obtain an additional test or tests by a person shall not preclude the admission of an evidentiary test for alcohol concentration taken at the direction of the police officer unless the additional test was denied by the police officer.