822 P.2d 545

**In the Matter of the Suspension of the Driver's License of James M. GOERIG.**

**James M. GOERIG, Petitioner–Respondent,**

**v.**

**STATE of Idaho, Respondent–Appellant.**

**No. 18709.**

Court of Appeals of Idaho.

Nov. 22, 1991.

Petition for Review Denied Jan. 24, 1992.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen. (argued), Boise, for respondent-appellant.

Frederick G. Loats, Coeur d'Alene, for petitioner-respondent.

SILAK, Judge.

James Goerig was arrested for driving under the influence of alcohol, I.C. § 18-8004. He agreed to take a breathalyzer test on the condition that the police administering the test remove his handcuffs. The police refused and Goerig did not take the test. The issue presented on appeal is whether Goerig's conditional consent to take a test to determine blood alcohol content should be considered to be a refusal for the purpose of determining whether his driver's license should be revoked under I.C. § 18-8002(4). We limit our holding to the particular facts of this case and conclude that Goerig's conditional consent was, in fact, a refusal which should have resulted in the suspension of his driver's license.

On the evening of April 2, 1989, Goerig was returning to his home in Hayden Lake from Spokane, Washington, where he had gone to visit a relative. According to Goer-

ig, he suffers from manic depression. He began to sense that his mood was elevating and that he was entering a manic state. Goerig has prescription medicine which helps him control his illness, but he did not have the medication with him at the time. As he was on his way home to get his medicine, he stopped at a bar in Rathdrum in order to "self-medicate" with four glasses of beer. Because he was entering a manic state, he does not know how long he was in the bar.

When Goerig left the bar, he started to drive home. Goerig was stopped by a police officer who had observed him driving erratically and going through a stop sign. Goerig testified that he was in a "panic state" when the officer pulled him over and that he could not remember everything that happened. The officer asked Goerig to perform several field sobriety tests. Goerig failed those tests. Goerig told the police officer that he was a manic depressive. The officer put handcuffs on Goerig while Goerig had his eyes closed and was trying to perform one of the tests. Goerig became combative and made statements about committing suicide. While the officer was driving Goerig to the police station, Goerig asked the officer to shoot him.

The officer took Goerig to the Kootenai County Public Safety Building where Goerig was asked to submit to a breathalyzer test. The jail personnel did not remove Goerig's handcuffs because he was behaving in an irrational manner and because he had made statements about committing suicide. The officer who arrested Goerig read the advisory information to Goerig and asked him to submit to a breathalyzer test. Goerig said that he would take the test if the handcuffs were removed. Because of Goerig's combative behavior, the jailers refused to remove the handcuffs and Goerig did not take the test.

Before the trial, Goerig requested a show cause hearing. At that hearing, the court ruled that Goerig's request to have his handcuffs removed before taking the breathalyzer test was reasonable; thus, Goerig's conditional consent to take the test was valid. For that reason, the court

concluded that Goerig had not refused the breathalyzer test and returned his driver's license to him. The magistrate's judgment was affirmed by the district court. The state appeals this decision.

■■■ As a preliminary matter, we note our standard for review. Where a district court sits as an appellate court for the purpose of reviewing a magistrate's judgment, the district court is required to determine whether there is substantial evidence to support the magistrate's findings of fact. If those findings are so supported, and if the conclusions of law demonstrate proper application of legal principles to the facts found, then the district court will affirm the magistrate's judgment. The judgment also will be upheld on further appeal. *Hentges v. Hentges*, 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988); *see also Ustick v. Ustick*, 104 Idaho 215, 657 P.2d 1083 (Ct.App.1983). Where, as here, the issues before the appellate court are the same as those considered by the district court sitting in an appellate capacity, the appellate court will review the trial record with due regard for, but independently from, the district court's decision. *Robinson v. Joint School District No. 331*, 105 Idaho 487, 490, 670 P.2d 894, 897 (1983). An appellate court must defer to findings of fact based upon substantial evidence, but it will review freely the conclusions of law reached by stating legal rules or principles and applying them to the facts found. *Staggie v. Idaho Falls Consol. Hospitals*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct.App.1986); *see, e.g., City of Burley v. McCaslin Lumber Co.*, 107 Idaho 906, 693 P.2d 1108 (Ct.App.1984). Accordingly, in the present case, we will uphold factual findings made by the magistrate as long as the findings are not "clearly erroneous"; however, we will review freely the court's conclusion that the facts as found constitute sufficient cause to refuse to take the test. *Staggie*, 110 Idaho at 351, 715 P.2d at 1021.

In the present case, we must decide if the magistrate erred in his determination that Goerig's conditional consent to take the breathalyzer test was a valid consent for the purpose of determining whether Goerig's license should have been suspended. Implicit in this determination is the question whether the jailers' refusal to remove the handcuffs was sufficient cause for Goerig to refuse to take the breathalyzer test.

■■ Under I.C. § 18–8002(3)(b), a person who has been arrested for driving under the influence of drugs or alcohol, and who refuses to take an evidentiary test, may request a hearing "to show cause why he refused to take the test."[1] The question whether a person has shown sufficient cause for refusing to submit to an evidentiary test to determine blood alcohol content is a mixed question of law and fact. *In re Griffiths*, 113 Idaho 364, 371–72, 744 P.2d 92, 99–100 (1987). The facts surrounding Goerig's conditioned consent to take the breathalyzer test are undisputed. Therefore, our analysis consists solely of determining whether the officer's refusal to grant Goerig's request that the handcuffs be removed established sufficient cause, as a matter of law, for Goerig to refuse to take the breathalyzer test.

Our Supreme Court has previously ruled on the issue of what constitutes sufficient cause to refuse to take an evidentiary test to determine blood alcohol content. In *Griffiths*, the Court reversed a lower court's holding that, as a matter of law, fear of needles is not a "cause" for refusing to submit to a properly requested blood-alcohol test. The case was remanded for further factual findings on the question whether the defendant's fear of needles created a psychological inability to perform the requested test. In reaching this conclusion, the Court noted its previous holding in *State v. Ankney*, 109 Idaho 1, 704 P.2d 333 (1985), in which it rejected an argument that any person who was able to

---

1. I.C. § 18–8002(3)(b) was subsequently amended to state:

 [A person arrested for driving under the influence of drugs or alcohol] has the right to request a hearing within seven (7) days to show cause why he refused to submit to, *or complete* evidentiary testing. (Emphasis added.)

articulate *some* reason for not submitting to a requested test has shown sufficient "cause." *Ankney,* 109 Idaho at 6, 704 P.2d at 338 (emphasis in original). In *Griffiths,* the Court defined, at least in part, the type of situation which would create sufficient cause:

> Defendant must establish cause of a sufficient magnitude that it may be fairly said that a suspension of his license would be unjust or inequitable. *Clearly, a demonstrated physical inability to perform the requested test would be sufficient cause.*

*Griffiths,* 113 Idaho at 372, 744 P.2d at 100 (emphasis added). *Griffiths* thus places the burden of proving a cause of sufficient magnitude on the defendant, and also establishes that physical inability to take the test is a sufficient "cause" under the statute.

■ Applying the holding in *Griffiths* to the present case, we conclude that Goerig did not show that he was physically unable to take the test. The state presented uncontroverted evidence that being handcuffed does not render a person physically incapable of taking a breathalyzer test. The burden of proof rests on the defendant to prove physical inability to take the test or to establish another cause of sufficient magnitude to refuse to take the test. The refusal to remove Goerig's handcuffs was not sufficient cause for Goerig to refuse to take the test. Thus, Goerig failed to meet his burden of proof under *Griffiths.*

■ Goerig also contends that, because his consent was conditioned on a reasonable request, the consent was valid. We disagree. As a matter of law, a driver's consent to take a required evidentiary test must be unconditional.[2] In reaching this conclusion, we look at the public policy behind drunk driving laws and at the language of the controlling statute. As our Supreme Court noted in *Ankney,* "the interest of the states in depriving the drunk driver of permission to continue operating an automobile is particularly strong."

*Ankney,* 109 Idaho at 4, 704 P.2d at 336 (citing *Illinois v. Batchelder,* 463 U.S. 1112, 103 S.Ct. 3513, 77 L.Ed.2d 1267 (1983)). The implied consent law is an important weapon in the battle against drunk driving. *See State v. Woolery,* 116 Idaho 368, 371, 775 P.2d 1210, 1213 (1989) (citing *State v. Zielke,* 137 Wis.2d 39, 403 N.W.2d 427 (1987)). By implying consent, the statute removes the right of a licensed driver to refuse to take an evidentiary test; however, recognizing that some individuals may refuse to comply with their previously given consent, the legislature provided an administrative process to revoke those persons' licenses. *Woolery,* 116 Idaho at 373, 775 P.2d at 1212. The provision of this administrative process does not create an intermediate level of consent.

Under I.C. § 18-8002(1), "[a]ny person who [is driving a motor vehicle] in this state *shall be deemed to have given his consent to an evidentiary test for concentration of alcohol, drugs or other intoxicating substances....*" No adjective modifies the noun "consent." Based on the strong state interest in protecting the public from drunk drivers and the plain language of the statute, it is evident that the legislature presumed a driver's consent to take an evidentiary test to be unconditional. Even if the defendant's request is reasonable, the defendant cannot condition submission to an evidentiary test on the jailer's compliance with the request. Because Goerig's conditional consent amounted to a refusal, and because he has failed to show sufficient cause for refusing to take the test, we conclude that the magistrate should not have returned Goerig's license to him. We remand this case to the magistrate with a direction that an order be entered suspending Goerig's driving privileges.

WALTERS, C.J., and SWANSTROM, J., concur.

---

2. We do not imply that if conditions of confinement are unconstitutional, that the driver may not have sufficient "cause" to refuse. Such is not the situation here, where the handcuffing of Goerig, who threatened suicide, does not amount to unconstitutional confinement.