915 P.2d 1379

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Arcadio RODRIGUEZ, Defendant– Appellant.**

No. 21358.

Court of Appeals of Idaho.

March 28, 1996.

Petition for Review Dismissed May 29, 1996.

Pena Law Offices, Rupert, for appellant. David G. Pena, Boise, argued.

Alan G. Lance, Attorney General; Catherine O. Derden (argued), Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

In this case we are asked to reverse a district court's order denying Arcadio Rodriguez's motion to suppress the results of a blood alcohol test that he contends was the product of an illegal search and seizure. For the reasons stated below, we affirm.

## FACTS AND PROCEDURES

Arcadio Rodriguez was involved in an automobile accident in which several persons were seriously injured. While talking with Rodriguez, an investigating police officer smelled alcohol and observed a beer can sitting on the seat of Rodriguez's truck. Other officers and EMT personnel told the officer that they believed Rodriguez was intoxicated. Rodriguez was injured in the accident and was transported to a hospital by ambulance. At the request of the police, hospital personnel took a blood sample from Rodriguez to test for alcohol concentration. Test results showed a blood alcohol concentration of 0.18, and Rodriguez was subsequently charged with aggravated driving under the influence, (DUI), I.C. § 18–8006.

Rodriguez filed a motion to suppress the results of the blood alcohol test, but the motion was denied by the district court. Rodriguez then entered a conditional plea of guilty to aggravated DUI, expressly reserving his right to appeal the district court's ruling pursuant to I.C.R. (11)(a)(2). Rodriguez argues on appeal that the warrantless taking of his blood violated the guarantees of freedom from unreasonable searches and seizures as provided by the Fourth Amendment to the United States Constitution and Art. I, § 17 of the Idaho Constitution.[1]

1. Our analysis is based upon authorities addressing the Fourth Amendment. Because Rodriguez

## ANALYSIS

The administration of a blood alcohol test is a seizure of the person and a search for evidence within the purview of the Fourth Amendment to the United States Constitution. *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *State v. Woolery,* 116 Idaho 368, 370, 775 P.2d 1210, 1212 (1989); *State v. Curtis,* 106 Idaho 483, 680 P.2d 1383 (Ct.App.1984). Warrantless searches or seizures are presumptively unreasonable unless they come within one of several judicially recognized exceptions to the warrant requirement. *Coolidge v. New Hampshire,* 403 U.S. 443, 454–55, 91 S.Ct. 2022, 2031–32, 29 L.Ed.2d 564 (1971); *Woolery,* 116 Idaho at 370, 775 P.2d at 1212. Those exceptions include searches that are conducted with consent. *State v. Whiteley,* 124 Idaho 261, 264, 858 P.2d 800, 803 (Ct.App.1993); *State v. Rusho,* 110 Idaho 556, 558, 560, 716 P.2d 1328, 1330, 1332 (Ct.App.1986). Hence, police may properly perform a warrantless search if prior consent has been obtained.

By statutory law, a driver of a motor vehicle in Idaho is deemed to have consented to an evidentiary test for blood alcohol concentration. Idaho Code § 18–8002(1) provides:

> Any person who drives or is in actual physical control of a motor vehicle in this state shall be deemed to have given his consent to evidentiary testing for concentration of alcohol as defined in section 18–8004, Idaho Code, and to have given his consent to evidentiary testing for the presence of drugs or other intoxicating substances, provided that such testing is administered at the request of a peace officer having reasonable grounds to believe that person has been driving or in actual physical control of a motor vehicle in violation of the provisions of section 18–8004, Idaho Code, or section 18–8006, Idaho Code.

By virtue of this statute, "anyone who accepts the privilege of operating a motor vehicle upon Idaho's highways has consented in advance to submit to a BAC test...." *Mat-*

ter of McNeely, 119 Idaho 182, 187, 804 P.2d 911, 916 (Ct.App.1990). *See also Matter of Goerig,* 121 Idaho 26, 29, 822 P.2d 545, 548 (Ct.App.1991) (by implying consent, the statute removes the right of a licensed driver to refuse to take an evidentiary test); *State v. Burris,* 125 Idaho 289, 291, 869 P.2d 1384, 1386 (Ct.App.1994) (regardless of whether the defendant is informed of his rights under I.C. § 18–8002(3), he has no legal right to refuse to submit to the evidentiary test).

On appeal, Rodriguez does not question the validity or applicability of I.C. § 18–8002(1). He also does not contest that he was in actual physical control of the vehicle he occupied at the time of the accident, or that the officer had reasonable grounds to believe that Rodriguez was under the influence of alcohol. Therefore, the extraction of blood from Rodriguez for purposes of performing a blood alcohol concentration test was a search performed by consent, and a warrant was unnecessary.

In Rodriguez's motion to suppress and in his brief on appeal, he has made no reference to Section 18–8002(1). Instead, his argument is predicated upon the Idaho Supreme Court's decision in *State v. Curl,* 125 Idaho 224, 869 P.2d 224 (1993). At issue in *Curl* was whether the threat of destruction of evidence was an exigent circumstance which justified a warrantless entry into a private residence. The Court held that "the possibility of destruction of evidence is not sufficiently exigent when the underlying crime charged is of a non-violent nature." *Curl,* 125 Idaho at 225, 869 P.2d at 225. Rodriguez asserts that because aggravated DUI is not a violent offense, under *Curl* the warrantless taking of his blood sample was unreasonable and hence a violation of the Fourth Amendment and Art. I, § 17.

This argument, however, is of no consequence to the legality of Rodriguez's blood test. Since Rodriguez had impliedly consented to the test pursuant to I.C. § 18–8002(1), the State was not required to demonstrate that the search was justified by exigent cir-

has not presented any argument that a greater scope of protection is afforded by Art. I, § 17, we

do not separately address the state constitution.

cumstances. Consequently, we need not address the merit of Rodriguez's argument analogizing the warrantless entry of a residence, which was at issue in *Curl*, with the warrantless extraction of blood.

The district court's order denying Rodriguez's motion to suppress the results of the blood alcohol test is affirmed.

WALTERS, C.J., and PERRY, J., concur.