955 P.2d 1128

**In the Matter of the Suspension of Driver's License of Esther E. HELFRICH.**

**Esther E. HELFRICH, Petitioner– Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 23684.

Court of Appeals of Idaho.

April 7, 1998.

Wm. J. Brauner, P.A., Caldwell, for petitioner-appellant.

Alan G. Lance, Attorney General, Kimberly A. Coster, Deputy Attorney General, Boise, for respondent. Kimberly A. Coster argued.

SCHWARTZMAN, Judge.

Esther Helfrich appeals from a district court order affirming the suspension of her driver's license. Helfrich's driver's license was suspended after she failed to complete the alcohol concentration test required by I.C. § 18–8002(1).

I.

**FACTUAL AND PROCEDURAL BACKGROUND**

In the early morning hours of August 16, 1995, Helfrich was arrested for driving under the influence. The officer conducted some field sobriety tests and Helfrich was subsequently asked to consent to take a breathalyzer test. Helfrich consented and the officer explained to her that in order to perform the test, she would need to take a deep breath and then exhale as though she were going to blow up a balloon. According to the officer, Helfrich would either briefly spurt air into the tube or would not blow long enough to complete the test.

Throughout the test, the officer informed Helfrich that she was taking the test incorrectly and that she needed to blow air through the tube for a longer period of time. She informed the officer that she was doing the best she could and that she was blowing all the air she could blow. After several

unsuccessful attempts,[1] the officer concluded that Helfrich could not complete the test because she did not want to, and that this failure was, in essence, a refusal. Helfrich's driver's license was then seized and a temporary permit was issued. *See* I.C. § 18–8002(4)(a).

Pursuant to I.C. § 18–8002(4)(b), Helfrich requested a hearing to explain why she did not complete the alcohol concentration test. At the hearing, the magistrate viewed the videotape of Helfrich's attempts to take the test [2] and heard testimony from Helfrich and the arresting officer who administered the test. The officer testified that based upon his experience and observations, it was his belief that Helfrich's attempts to complete the test were disingenuous. Helfrich testified that at the time of the test she suffered from bronchitis, which frustrated her genuine attempts to successfully complete the test. She further testified that she informed the officer that she was on medication for back pain and was doing the best that she could, but she never relayed to him that she might be suffering from bronchitis. On the basis of the evidence submitted, the magistrate determined that because Helfrich failed to specifically inform the officer that she suffered from "bronchitis," a physical condition that prevented her from completing the test, she failed to show cause for not completing the requested evidentiary test. Accordingly, the magistrate suspended Helfrich's driving privileges for 180 days.

Helfrich appealed to the district court. In an order dated June 21, 1996, the district court set aside the judgment and remanded the case back to the magistrate for a determination of whether Helfrich suffered from a medical condition that prevented her from taking or completing the test. Following remand, the magistrate again issued a decision upholding the suspension of Helfrich's driver's license *without* reaching the issue of whether Helfrich suffered from a medical condition that prevented her from taking the test. The magistrate determined that according to *In re Griffiths,* 113 Idaho 364, 744 P.2d 92 (1987), the threshold issue was not whether Helfrich suffered from a medical condition but whether she so *informed* the police officer. The magistrate stated that "Helfrich may well have been suffering from a medical condition that prevented her from taking the test, but she never told this to Officer Flores. As a result Officer Flores was never given the opportunity to offer her another test. Accordingly, her challenge to suspension of her driving privileges fails."

Helfrich again appealed to the district court. In a decision dated January 31, 1997, the district court felt constrained to affirm the magistrate's decision, based upon what it viewed as the application of the articulation requirement set forth in *Griffiths.*

## II.

### STANDARD OF REVIEW

■ When this Court reviews the decision of a district court acting in an appellate capacity, we review the "trial record with due regard for, but independently from, the district court's decision." *In re Goerig,* 121 Idaho 26, 28, 822 P.2d 545, 547 (Ct.App.1991), *citing Robinson v. Joint School District No. 331,* 105 Idaho 487, 490, 670 P.2d 894, 897 (1983). "An appellate court must defer to findings of fact based upon substantial evidence, but it will review freely the conclusions of law reached by stating legal rules or principles and applying them to the facts found." *Id.* (citations omitted). Accordingly, we exercise free review over the court's conclusions of law. *Id.*

## III.

### ANALYSIS

■ Pursuant to I.C. § 18–8002(3)(a), if an individual refuses to submit to or fails to complete testing for alcohol concentration, that person "has the right to request a hear-

---

1. Two "deficient" samples of .11 and .09 were recorded by the breathalyzer.

2. For reasons unexplained, the audio is absent from the videotaped portion of Helfrich's at-

tempts to take the test, although the audio is present on the portion of the tape showing her arrest.

ing within seven (7) days to show cause why he refused to submit to, or complete evidentiary testing." The issue at the hearing "shall be limited to the question of why the defendant did not submit to, or complete, evidentiary testing, and the burden of proof shall be upon the defendant. . . ." I.C. § 18–8002(4)(b).

In *In re Griffiths,* 113 Idaho 364, 366, 744 P.2d 92, 94 (1987), the Idaho Supreme Court considered what justification may amount to good cause for refusing to submit to such a test.[3] Therein, the defendant was arrested and taken into custody for driving under the influence after he failed a series of field dexterity tests. Because the intoximeter machine was inoperative at the time of his arrest, the officer asked the defendant to submit to a blood test, which he refused. Following his refusal, the defendant's driver's license was suspended. Subsequently, an evidentiary hearing was held where the defendant testified that the reason he refused the blood test was because of a long-standing fear of needles. The defendant further testified that when he refused the test, he did not articulate his fear of needles to the hospital staff. At the conclusion of the hearing, the magistrate determined that the defendant had failed to show cause for refusing the test, but did not issue findings of fact as to whether the defendant had a fear of needles or whether he had articulated his fear to the officer. Instead, the magistrate found that as a matter of law, a fear of needles was not grounds for refusing a blood test. On review, the Idaho Supreme Court held that "a defendant may prevail at a[n] I.C. § 18–8002 hearing by showing 'cause' for his refusal." *Id.* at 372, 744 P.2d at 100. The Court further explained that a defendant must demonstrate "cause of a sufficient magnitude that it may be fairly said that a suspension of his license would be unjust or inequitable. Clearly, *a demonstrated physical inability to perform the requested test would be sufficient cause.*" *Id.* at 372, 744 P.2d at 100 (emphasis added). With respect to a fear of needles qualifying as sufficient cause, the Court held that "a psychological inability to perform the requested test may,

*if supported by the evidence,* establish sufficient cause for refusing the test." *Id.* (emphasis in original). However,

this cause must be articulated to the police officer at the time of refusal so that the officer is given an opportunity to request a different test. We hold that a fear of needles may establish sufficient cause for refusing to submit to a blood test requested pursuant to I.C. § 18–8002 if the fear is of such a magnitude that as a practical matter the defendant is psychologically unable to submit to the test, *and* if the fear is sufficiently articulated to the police officer at the time of refusal so that the officer is given an opportunity to request a different test.

*Id.* (emphasis in original).

Here, Helfrich failed to successfully complete the intoxilyzer test a number of times. Despite an apparent physical inability—feigned or not—to blow into the tube long enough to fully complete the test, and despite her articulation to the officer that she was doing the best she could and blowing all the air she had, the officer did not question Helfrich further or ask her to submit to a different test, such as a blood draw. Rather, the officer simply assumed that Helfrich was faking her inability to complete the test, ceased testing, and seized her license.

By telling the officer that she was doing the best she could and blowing all the air she had, Helfrich sufficiently articulated a physical inability to complete the task so as to put the officer on notice that a different test should be utilized. In contrast to the situation in *Griffiths,* nothing in Helfrich's behavior suggested to the officer that she would refuse to submit to a different type of alcohol concentration test. It was not essential that Helfrich give the officer a medical diagnosis for her physical condition, such as "bronchitis," in order to satisfy the *Griffiths* articulation standard. Indeed, a suspect may be physically unable to complete the breath test because he or she suffers from an undiagnosed illness. In such circumstances, the suspect could hardly be required to inform

---

**3.** At the time the Supreme Court decided *Griffiths,* I.C. § 18–8002(3)(b) (Supp.1985) permitted a defendant to request a hearing only "to show cause why he refused to take the test."

the officer of the name of the physical condition that was unknown at the time.

Helfrich's demonstrated physical inability to complete the test, coupled with her explanation, left the officer with two viable options: (1) he could ask her to submit to a different test; or (2) he could interpret her purported inability to complete the test as a refusal and have the issue decided at an evidentiary hearing.[4] However, the officer's decision to treat Helfrich's actions as a refusal may not be upheld by the court if Helfrich proves that she suffered from a physical impediment which prevented her from successfully completing the breath test.

Accordingly, we vacate the order of the district court affirming the magistrate's suspension of Helfrich's driving privileges and remand the case, yet again, for further proceedings consistent with the views expressed herein.

LANSING, C.J., concurs.

PERRY, J., concurs in the result.

4. Nothing would preclude the officer from questioning a suspect further about any physical impediments to taking the test and making a record for a future hearing.