**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36232**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Opinion No. 39 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 1, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL HOWARD WAGNER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.   Hon. Cheri C. Copsey, District Judge.   Hon. Theresa Gardunia, Magistrate.

Order on intermediate appeal affirming the suspension of driver's license, affirmed.

Vernon K. Smith, Jr., Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.   Jessica M. Lorello argued.

_____

GRATTON, Judge

Michael Howard Wagner appeals the suspension of his driver's license, pursuant to Idaho Code § 18-8002, due to his refusal to submit to a breath test.   We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer Hale observed a car swerving and initiated a traffic stop of Wagner's vehicle. Wagner admitted to drinking alcohol. Officer Hale administered field sobriety tests, which Wagner failed.   Wagner was transported to the police station where Officer Hale gave Wagner the license suspension warning and asked him to take a breath test.   Wagner refused the breath test.   Wagner informed Officer Hale that he would be willing to have his blood drawn.   After numerous attempts, the phlebotomist was unable to find a vein that would produce blood. Officer Hale again requested Wagner to perform a breath test, and Wagner again refused. Officer Hale seized Wagner's license for refusing requested evidentiary testing.   After

1

conducting a hearing, the magistrate sustained the license suspension. On appeal, the district court affirmed the magistrate. Wagner appeals.

## II.
## STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we review the decision of the district court directly. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). We examine the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* An appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990).

Review of a suspension of a driver's license under I.C. § 18-8002 presents a mixed question of law and fact. *In re Goerig*, 121 Idaho 26, 28, 822 P.2d 545, 548 (Ct. App. 1991). This Court will defer to findings of fact supported by substantial evidence but will freely review conclusions of law and their application to the findings of fact. *Id.* Accordingly, we will uphold the magistrate's factual findings unless clearly erroneous. *Id.* However, whether a driver's actions are deemed to be a refusal, within the meaning of I.C. § 18-8002, is a question of law over which we exercise free review. *In re Cummings*, 118 Idaho 800, 802-03, 800 P.2d 687, 689-90 (Ct. App. 1990).

## III.
## DISCUSSION

Drivers suspected of being under the influence of an intoxicant are obligated to take a test at an officer's request or lose their license. Idaho Code § 18-8002(1) states:

> Any person who drives or is in actual physical control of a motor vehicle in this state shall be deemed to have given his consent to evidentiary testing for concentration of alcohol as defined in section 18-8004, Idaho Code, . . . provided that such testing is administered at the request of a peace officer having reasonable grounds to believe that person has been driving or in actual physical control of a motor vehicle in violation of the provisions of section 18-8004, Idaho Code, or section 18-8006, Idaho Code.

2

In that circumstance, the driver will be warned by the officer of the consequences of not submitting to or failing to complete the evidentiary test. I.C. § 18-8002(3). A driver that "refuses to submit to or complete evidentiary testing" is subject to license suspension. I.C. § 18-8002(4). The driver may request a hearing for the return of the license on the limited issue of why the driver "did not submit to, or complete, evidentiary testing." I.C. § 18-8002(4)(b). If the driver fails to timely request a hearing or does not prevail at the hearing, the license will be suspended for one year. I.C. § 18-8002(4)(b)-(c).

To prevail, the driver "must establish cause of a sufficient magnitude that it may be fairly said that a suspension of his license would be unjust or inequitable." *In re Griffiths*, 113 Idaho 364, 372, 744 P.2d 92, 100 (1987). It is solely the officer's choice as to which type of test to administer, *id.* at 370, 744 P.2d at 98, and a driver can request additional testing at his own expense after submitting to the requested test. I.C. § 18-8002(4)(e). A driver's lack of trust in the accuracy of a test is insufficient cause to justify refusing the requested test. *Cummings*, 118 Idaho at 803, 800 P.2d at 690 (driver refused a breath test because he wanted a blood test). A proven physical or psychological inability to perform the requested test may be sufficient cause. *Griffiths*, 113 Idaho at 372, 744 P.2d at 100.

If a driver cannot perform a test, the officer may request a different test. The inability to take the test must be communicated to the officer so that the officer can request a different test. *Id.* (analyzing psychological inability to have blood drawn); *Helfrich v. State*, 131 Idaho 349, 352, 955 P.2d 1128, 1131 (Ct. App. 1998) (driver attempted but failed to complete a breath test). If the driver cannot perform the requested test, the officer may either: (1) request a different test; or (2) treat the failure to take the test as a refusal and submit the issue of whether the driver was actually unable to perform the test for decision at the hearing. *Id.* (driver did not blow strong enough into a breath test machine for an accurate reading).

At the hearing, Officer Hale was the only witness. He testified that after arresting Wagner and taking him to the police station, he gave Wagner the statutory advisory warnings on evidentiary testing. Officer Hale stated:

> I said, are you going to perform the breath test? He said, no. I said, okay. Would you be willing to perform a blood test and he said yes.
>      And we called -- I immediately called for -- called dispatch and requested a paramedic to come down so we could do a blood draw. Approximately 15 minutes after that or so, maybe 20 minutes, a paramedic came down and

3

attempted for the next 30 minutes to do a blood draw and they couldn't. Then I requested Mr. Wagner -- after it was all done, I said, it is your duty to perform an evidentiary test and you haven't done so at this point. We're unable to get the blood draw so I'm requesting that you do a breath test and he refused once again.

Officer Hale acknowledged that if the blood draw had been successful it would have been considered a sufficient evidentiary test.

At the conclusion of the hearing, the magistrate held that the refusal to take the breath test before the attempted blood draw was sufficient refusal to revoke Wagner's license under the statute. The court stated:

> I also find that Mr. Wagner was adequately informed of the consequences of a refusal in this case in that based on the officer's testimony he provided Mr. Wagner with an audio tape of the 18-8002 advisory and indicated that Mr. Wagner was in the room and the audio tape was played for Mr. Wagner.
> Mr. Wagner, with respect to the refusal in this case, it is the officer's choice as to what test he chooses. In this case it's apparent to the Court that the officer's initial choice was a breath test. Now, I don't view this as an accord. I view the refusal, the initial refusal, and then the officer's allowing you to go forward with a blood test as an accommodation, but certainly not an accord.
> Based on that I'm going to find that the initial refusal to take the breath test was a refusal under the statute and I'm going to sustain the officer's suspension of your driver's license.

On appeal, the district court examined both of Wagner's refusals to the breath test and held:

> Here, Wagner initially refused a request for a breath test and Deputy Hale relented to Wagner's request for a blood test on the implied condition that the blood draw would be successful. When the paramedic was unable to perform the blood draw because Wagner's veins would not accept the needle, Deputy Hale renewed his request for a breath test, which Wagner again refused. Deputy Hale's objective in all of this was not to secure a "refusal" for purposes of Idaho Code § 18-8002, but to obtain evidence from which he could determine whether Wagner was legally intoxicated. It was Deputy Hale's choice as to which type of test he would use to accomplish this objective. Under the circumstances, that is, the paramedic's inability to perform the blood draw, he ultimately chose to request a breath test. The mere fact that Deputy Hale initially decided to accommodate Wagner's request for a blood draw, did not revoke his ability to request another type of test when the blood draw later proved unsuccessful. Deputy Hale's testimony provided substantial and competent evidence to support the Magistrate's finding that Wagner was asked to perform a breath test and he refused to submit.
> . . . .

4

To accept Wagner's argument would limit officers to one opportunity to choose a test, regardless of whether that test proved a feasible option. Such a rule would frustrate the purpose of Idaho Code § 18-8002, which is to authorize a police officer to administer an evidentiary test for concentration of alcohol, drugs, or other intoxicating substances where the officer has reasonable grounds to believe a person has been driving under the influence. *See* I.C. 18-8002(1). In short, the choice as to which type of evidentiary test is to be administered lies with the officer, not the defendant, and this choice remains with the officer until either an evidentiary test is actually performed or the defendant unequivocally refuses the requested test. Here, no evidentiary test was ever performed, not because the paramedic was unable to draw blood, as asserted by Wagner, but because ultimately Wagner himself refused to take a breath test. Therefore, there was sufficient evidence for the Magistrate to find that Deputy Hale requested a breath test and Wagner "refused" that request.

Wagner claims that because he agreed to undertake a blood draw and cooperated therein he did not refuse evidentiary testing under the statute. He argues that the officer's agreement to an alternative test was an accord and, thus, satisfied the statutorily required assent to testing. Wagner asserts that under *Head v. State*, 137 Idaho 1, 43 P.3d 760 (2002), a license cannot be suspended if "the defendant did not refuse to submit to the requested evidentiary test." He contends that the licensee must only consent to and submit to at least one type of test process being offered by the officer, and agreement to an alternative test, even if unsuccessful, negates any refusal of the first-offered test. Wagner argues that the abandonment of the blood draw was not his fault and that because he agreed to take the blood test, and fully complied, he cannot have been found to have refused evidentiary testing. Wagner concludes that because he was not warned that a failure to complete the blood draw could require him to take a breath test, his license should not be suspended.

Wagner likens the officer's assent to pursue the blood test to "delayed assent" and not a refusal. A driver that initially refuses an officer's request for an evidentiary test, but timely and unequivocally gives assent, is not a refusal under I.C. § 18-8002. *In re Pangburn*, 124 Idaho 139, 141, 857 P.2d 618, 620 (1993) (adopting *In re Smith*, 115 Idaho 808, 770 P.2d 817 (Ct. App. 1989)). The policy for adopting this rule is that "it better serves the public interest in obtaining scientific information about the blood-alcohol levels of motorists accused of driving under the influence." *Id.* (quoting *Smith*, 115 Idaho at 812, 770 P.2d at 821). This "delayed assent" does not constitute a refusal only if: (1) the assent is given while the motorist is still in police custody; (2) the assent is given when testing equipment and personnel are reasonably

available; and (3) the delay produced by the initial declination would not cause the outcome of the test to be materially affected. These factors focus on ensuring the delay does not prejudice the officer or the accuracy of the test. The driver must prove these requirements with a preponderance of the evidence. *Id*. However, in both *Pangburn* and *Smith* the driver assented to the form of testing the officer initially requested.

In *Halen v. State*, 136 Idaho 829, 832, 41 P.3d 257, 260 (2002), the Court stated: "The defendant's willingness to take another form of test generally does not negate the effect of his refusal to submit to the form of test requested by the officer." (citing *Griffiths*, 113 Idaho at 370, 744 P.2d at 98). In both *Halen* and *Griffiths* the drivers refused to take blood tests and the officers did not agree to an alternative form of testing. As was recognized in *Griffith* and *Cummings*, an officer is under no obligation to offer an alternative method of testing to a driver. Certainly, nothing prevents an officer from agreeing to conduct an alternative form of testing after a driver initially refuses the first method chosen. And, surely, if the second method produces evidentiary results, the State would not suspend the driver's license for the initial refusal. But when the alternative testing fails to produce results, the statute gives the officer the right to pursue another test. This Court agrees with the magistrate that the officer's agreement to administer the alternative test is in the nature of an accommodation, not a binding accord. Further, this Court agrees with the district court that the agreement to conduct an alternative test is under the assumption that the driver will cooperate in the alternative test, and that it will produce evidentiary results. When the blood draw was unsuccessful, the officer was entitled to again request the breath test. Wagner's refusal of the breath test was a refusal under I.C. § 18-8002.

Wagner's argument that he was not warned of this consequence is unpersuasive. The trial court found that Wagner received the advisory warning from I.C. § 18-8002. As set forth in I.C. § 18-8002(3): "the person shall be informed that if he refuses to submit to or *if he fails to complete*, evidentiary testing . . ." he will lose his license. (Emphasis added.) This contemplates, as the district court noted, results. The point is not who will agree to what, but obtaining evidentiary results. Wagner was warned that if he failed to complete an evidentiary test he would lose his license.

Wagner requests attorney fees pursuant to I.C. § 12-117. Idaho Code § 12-117(1) states: "the court shall award the prevailing party reasonable attorney's fees, witness fees and

6

reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law." Wagner is not the prevailing party, and, thus, he is not entitled to an award of attorney fees.

## IV.

## CONCLUSION

Wagner's actions constituted a refusal within the meaning of I.C. § 18-8002. The district court's order on intermediate appeal affirming the suspension of Wagner's license is affirmed. Wagner's request for attorney fees is denied.

Judge GUTIERREZ and Judge MELANSON, **CONCUR.**